UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-269(DSD/JSM)

United States of America,

       Plaintiff,

v.                                            **ORDER**

Mandel McDonald Benson,

       Defendant.


This matter is before the court upon the objection of defendant Mandel McDonald Benson to the November 9, 2010, report and recommendation of Magistrate Judge Janie S. Mayeron. The magistrate judge recommends denial of Benson's motion to suppress fruits of unlawful arrest and seizure. Benson objects.[1] The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).


**BACKGROUND**

On December 15, 2009, Officer Michael Utecht of the Bloomington, Minnesota police department received a report of a shoplifting at a Walmart store. Witnesses reported that the suspect was a black man, wearing a black hat and a black long-sleeved shirt who had ditched the stolen property and was fleeing

---

[1] Benson timely filed his objection on November 23, 2010. The government did not respond.

west along a frontage road.  Utecht testified that he was in his squad car "approximately a block and a half" away from Walmart when he received the report.  Tr. 11.  Less than a minute later he encountered Benson, a black man wearing a black hat and a black long-sleeved shirt, jogging just west of the Walmart.  Id. 11, 14-15.  When Utecht directed Benson to stop, Benson began running faster.  Id. at 16.  Utecht followed Benson into a parking lot, where he lost sight of him between parked cars.  Id. at 17-18.  Utecht again ordered Benson to stop, and this time Benson complied.  Id. at 18.  Utecht performed a pat-down search, handcuffed Benson and placed him in the squad car.  Id.  Utecht then searched the area where he had lost sight of Benson, and found a triangular case containing a handgun under one of the parked cars.  Id. at 19.  Utecht drove Benson to the Walmart, where witnesses identified him as the shoplifter.  Id. at 19-20.

## DISCUSSION

Benson argues that Utecht had neither reasonable suspicion nor probable cause sufficient to detain Utecht for identification at Walmart.  A police officer may detain a suspect for investigation when the officer has reasonable suspicion of criminal activity supported by specific and articulable facts.  United States v. Coleman, 603 F.3d 496, 499 (8th Cir. 2010).  The court looks to the totality of the circumstances to determine whether the officer had

2

a "particularized and objective basis for suspecting legal wrongdoing." Id. (citation omitted). An investigatory stop based on reasonable suspicion may "turn into an arrest if it lasts for an unreasonably long time." United States v. Martinez, 462 F.3d 903, 907 (8th Cir. 2006) (citation and internal quotation marks omitted). An arrest must be supported by probable cause, such that the totality of the "available facts and circumstances are sufficient to warrant a person of reasonable caution to believe that an offense was being or had been committed by the person to be arrested." Id. at 908 (citation omitted).

Benson's exact match of the description, evasive behavior, proximity to the Walmart and short time between the report and Utecht's contact with Benson all support reasonable suspicion. Viewed in light of the totality of the circumstances, Benson's later submission to Utecht did not dispel the suspicion. Moving Benson a short distance to the crime scene to help confirm or dispel suspicion did not convert the stop to an arrest, especially in light of Utecht's knowledge that the suspect had discarded the stolen property. See id. As a result, Utecht executed a proper investigatory stop supported by reasonable suspicion from the time he encountered Benson until Benson was identified at Walmart. Moreover, even if transporting Benson to Walmart converted the stop to an arrest, the facts and circumstances known to Utecht provided proper and sufficient grounds for probable cause. Therefore, after

3

a de novo review, the court finds that the report and recommendation of the magistrate judge is well reasoned and correctly disposes of the motion.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections [Doc. No. 25] to the magistrate judge's report and recommendation are overruled; and

2. The magistrate judge's report and recommendation [Doc. No. 24] is adopted in its entirety.

Dated: December 10, 2010

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court