```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
          Criminal No. 10-269(DSD/JSM)
```

United States of America,

      Plaintiff,

v.                                                    **ORDER**

Mandel McDonald Benson,

      Defendant.


This matter is before the court upon the pro se motions of defendant Mandel McDonald Benson to represent himself and for the court to consider several other pro se motions, and the motion of Benson to represent himself and re-appoint Leon Trawick as standby counsel.

**BACKGROUND**

A grand jury indicted Benson for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Trial began on January 18, 2011. On January 19, Benson refused to work with his lawyer Reggie Aligada and requested to represent himself. Following extensive colloquy and recesses, Benson changed his mind and requested a new lawyer. The court granted the request and continued the trial for three weeks. Leon Trawick was appointed to represent Benson. Upon resumption of trial on February 8, Benson again refused to work with his lawyer, and again requested to represent himself. Following another Faretta

colloquy, the court granted his request and appointed Trawick as standby counsel. On February 10, the jury found Benson guilty.

Thereafter, Benson timely moved for a new trial and to dismiss for ineffective assistance of counsel on the grounds that (1) Aligada continued his original trial date, (2) Benson was not present during rulings on motions in limine, (3) Aligada did not ask particular questions of witnesses, (4) Aligada did not call or consult a DNA expert, (5) Aligada failed to suppress certain evidence, (6) evidence was improperly handled without gloves, (7) a laboratory analyst committed a recording error (8) Benson did not have access to his case file, (9) African-American jurors were excluded from the jury, and (10) prosecutorial misconduct. See ECF Nos. 67-70. The court denied those motions. See ECF No. 77.

On April 29, Benson requested re-appointment of Trawick as his counsel. See ECF No. 80. On May 5, Trawick timely filed a position regarding sentencing on behalf of Benson. Thereafter, Benson filed a pro se motion for reconsideration ineffective assistance concerning DNA analyst, ECF No. 88, pro se post verdict motions defendant [sic] motion for new trial, ECF No. 89, and pro se motion in arrest of judgment, ECF No. 92. The court notified Benson that it would not consider these pro se motions because he was represented by a lawyer, and encouraged Benson to work with Trawick to address his concerns. Benson continued to file pro se motions and requests.

On June 1, Trawick filed a motion on behalf of Benson requesting that he proceed pro se. See ECF No. 97. Benson filed a pro se motion to represent himself on June 3, and moved for the court to address ECF Nos. 88, 89 and 92. The court now considers the motions.

**DISCUSSION**

I. **Motions to Represent Self**

Based on the court's extensive experience with Benson, several Faretta colloquies and the fact that Benson has already represented himself for part of this case, the court finds that Benson is competent to make this request and that his choice between representing himself and the adequate representation[1] of Trawick is knowing, voluntary and intelligent. Although the court continues to find this decision unwise, the Sixth Amendment guarantees Benson the right to represent himself under these circumstances. See United States v. Washington, 596 F.3d 926, 938–42 (8th Cir. 2010). Therefore, the court grants the motions.

---

[1] Benson's pro se motion alleges several actions and inactions by Trawick that Benson perceives as ineffective assistance. The court has observed Trawick's representation and notes that it far exceeds the base requirement of adequacy; indeed, Trawick has provided exemplary representation. As a result, the court's grant of this motion is expressly not based on any perception of ineffective assistance.

**II.   Motions for Reconsideration, New Trial and Arrest of Judgment**

The pro se motions docketed as ECF Nos. 88, 89 and 92 restate Benson's prior arguments for a new trial or to dismiss. As an initial matter, they are untimely under Rules 29 and 34 of the Federal Rules of Criminal Procedure. Moreover, the arguments raised are substantially similar to those raised in the initial set of post-trial motions. The court has already rejected those arguments. Further, 28 U.S.C. § 2255 provides a mechanism for raising a claim of ineffective assistance of counsel after sentencing.[2] Therefore, the court denies the motions.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motions to proceed pro se [ECF Nos. 97 & 100] are granted;

2.   Trawick is appointed standby counsel to assist Benson in representing himself;

---

[2] Section 2255 states: "A prisoner in custody *under sentence* of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added).

    3.    The pro se motion for reconsideration [ECF No. 88] is denied;

    4.    The pro se post verdict motion for new trial [ECF No. 89] is denied;

    5.    The pro se motion in arrest of judgment [ECF No. 92] is denied;

    6.    This matter shall proceed to sentencing as scheduled on June 9, 2011 at 1:30 pm; and

    7.    The Clerk shall send a copy of this order to:

> Mandel McDonald Benson,
> Sherburne County Jail
> 13880 Highway 10
> 13880 Business Center Drive
> Elk River, MN 55330-4601.

Dated:  June 3, 2011

                                            s/David S. Doty  
                                              David S. Doty, Judge  
                                              United States District Court