UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-269(DSD/JSM)
Civil No. 13-2259(DSD)

United States of America,

        Plaintiff,

v.                                          **ORDER**

Mandel McDonald Benson,

        Defendant.

    Laura M. Provinzino, Andrew S. Dunne, James S. Alexander, Michelle E. Jones, Nathan P. Petterson, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Mandel McDonald Benson, #15384-041, USP Atlanta, P.O. Box 150160, Atlanta, GA 30315, pro se.

This matter is before the court upon the pro se motion by defendant Mandel McDonald Benson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

On October 5, 2010, Benson was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Benson pleaded not guilty and proceeded to trial, where

he was initially represented by Reynaldo Aligada. ECF No. 55, at 1:14-15. The trial commenced on January 18, 2011.

On the second day of trial, just before the government rested, Benson informed the court that he no longer wanted to be represented by Aligada. ECF No. 57, at 13:9-10. Benson requested to proceed pro se, and the government questioned Benson about his understanding of the rights he would give up by doing so. Id. at 26:10-16. Thereafter, Benson requested a different attorney be appointed to represent him. Id. at 33:16-17. The court denied both requests. Id. at 39:22-23. Benson then reiterated his request to have Aligada removed as his counsel and Aligada formally moved to withdraw, citing a breakdown in communication. Id. at 56:4-7. The court granted Aligada's motion.

On January 20, 2011, the court appointed Leon Trawick as substitute counsel for Benson and continued the trial to allow Trawick to prepare. See ECF No. 48. Trawick moved for a mistrial on February 2, 2011. ECF No. 52. During a status conference held on February 7, 2011, the court denied the motion. ECF No. 73, 35:24-36:2. The trial resumed on February 8, 2011, and Benson informed the court that he wished to proceed pro se with Trawick as his standby counsel. ECF No. 74, at 263:11-13. The court granted the motion to proceed pro se after ensuring that Benson was knowingly and voluntarily waiving his right to counsel. Id. at 277:1-9.

2

Benson proceeded pro se. The government rested and Benson then presented his case by calling several witnesses, including recalling several witnesses that had testified during the government's case-in-chief. On February 10, 2011, the jury found Benson guilty of being a felon in possession of a firearm. ECF No. 65. Benson also represented himself at the sentencing hearing, where the court found that he had three prior violent felony convictions for purposes of the Armed Career Criminal Act. ECF No. 117, at 50:19-25. The court sentenced Benson to 235 months imprisonment. Id. at 58:7-9.

Benson appealed his conviction and sentence to the Eighth Circuit Court of Appeals. Thereafter, Trawick moved to withdraw as appellate counsel, and the Eighth Circuit appointed Dean Grau to represent Benson on appeal. Grau filed an appellate brief, arguing that (1) the court erred in denying the motion to suppress DNA evidence, (2) Benson's waiver of his right to counsel was not knowing, voluntary and intelligent, (3) a mistrial was warranted and (4) the court failed to sufficiently explain its sentence under the sentencing factors of 18 U.S.C. § 3553(a). Benson also submitted a pro se brief to the Eighth Circuit. On July 11, 2012, the Eighth Circuit affirmed the conviction and sentence. See United States v. Benson, 686 F.3d 498 (8th Cir. 2012). The Supreme Court denied Benson's petition for writ of certiorari on January 7, 2013. Benson v. United States, 133 S. Ct. 877 (2013).

On August 16, 2013, Benson filed the instant motion under 28 U.S.C. § 2255.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. See 28 U.S.C. § 2255. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court generally must hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).

Benson argues that relief under § 2255 is warranted based on (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel and (3) due process violations.

**I.   Ineffective Assistance of Trial Counsel**

To show that he received ineffective assistance of counsel, a movant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694, (1984).  See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009).  First, a movant must show that his counsel's performance was so deficient that it was objectively unreasonable.  See Strickland, 466 U.S. at 687.  Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  Second, a movant must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

Benson argues that he received ineffective assistance of trial counsel because trial counsel (1) failed to object to the government's use of the "prosecutor fallacy," (2) did not request a Daubert hearing regarding - or move to exclude - the government's expert DNA testimony, (3) filed a frivolous suppression motion that stopped the Speedy Trial Clock, (4) refused to call certain witnesses, (5) failed to obtain a DNA expert to testify on Benson's

5

behalf and (6) failed to object to trial exhibits, including an incriminating power point slide and photograph.

### A. Prosecutor Fallacy

Benson first argues that he was provided with ineffective assistance because his trial counsel allowed the jury to be misled based on "prosecutor fallacy" during the DNA testimony. "The prosecutor's fallacy is the assumption that the random match probability is the same as the probability that the defendant was not the source of the DNA sample." McDaniel v. Brown, 130 S. Ct. 665, 670 (2010) (citation omitted). Here, however, Benson's trial counsel extensively cross-examined the government's DNA analysts about their underlying methods and findings. See, e.g., ECF No 56, at 166:1-174:13, 179:14-181:9. Moreover, while proceeding pro se, Benson recalled the government's DNA witness and again cross-examined her. See ECF No. 74, at 354:19-368:12. Given these opportunities, Benson cannot demonstrate that his counsel's cross-examination was deficient or prejudicial to the outcome of the trial. As a result, Benson cannot demonstrate ineffective assistance of counsel based on his claims of prosecutor fallacy.

### B. Failure to Request a Daubert Hearing on DNA Expert

Benson next argues that his trial counsel was ineffective by not requesting a Daubert hearing before the testimony of the government's DNA experts. See Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993). Such a claim fails, however, as Benson cannot

demonstrate prejudice. The Eighth Circuit has "determined, as a general matter, [that] DNA evidence itself is admissible." United States v. Richardson, 537 F.3d 951, 960 (8th Cir. 2008) (citation omitted). Moreover, the witnesses at issue testified convincingly at trial as to their qualifications and methodology, and Benson has not identified any area in which the experts were deficient. As a result, Benson cannot demonstrate that a Daubert challenge to the expert testimony would have been likely to succeed. See United States v. Bedford, 628 F.3d 1232, 1235 (10th Cir. 2010) (finding no prejudice where "a Daubert challenge would not have been likely to succeed, given the widespread acceptance" of methodology). Therefore, Benson cannot demonstrate that the decision not to challenge the testimony was unreasonable or prejudicial, and his claim of ineffective assistance fails.

### C.   Frivolous Suppression Motion

Benson next argues that his trial counsel filed frivolous suppression motions that delayed his trial and tolled the Speedy Trial Act clock. Further, Benson argues that the delay "caused the government to create and manufacture incriminating evidence during that time period" and that his counsel had a "conflict of interest in assisting the government's preparation of its case." ECF No. 124, at 20. Such claims - that Benson's trial counsel was acting in concert with the government to prepare its case -are inherently incredible. Moreover, Benson does not explain how, had his counsel

7

not filed such suppression motions, the outcome of his trial would have been different. As a result, Benson cannot demonstrate prejudice under Strickland and his claims relating to the allegedly-frivolous suppression motion are without merit. See Strickland, 466 U.S. at 694.

**D.   Failure to Call Witnesses**

Benson next argues that his trial counsel failed to call certain witnesses that would have aided his defense. Specifically, Benson argues that his trial counsel failed to call (1) witnesses from the scene of his arrest and (2) a witness who allegedly transported the firearm at issue across state lines. Notwithstanding Benson's seeming confusion regarding the interstate commence requirements of the felon-in-possession statute, "[d]ecisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight." Fretwell v. Norris, 133 F.3d 621, 627 (8th Cir. 1998) (citation and internal quotation marks omitted). In other words, "[t]he decision not to call a witness is a virtually unchallengeable decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (citations and internal quotation marks omitted). Here, the court finds that trial counsel's decision not to call the proposed witnesses was within the wide range of reasonable assistance. Moreover, in this matter, Benson's trial counsel participated only in cross-examination of

the government's witnesses before Benson discharged him and proceeded pro se. Thus, any decision not to call such witnesses on direct examination was Benson's rather than his trial counsel's. As a result, Benson cannot show ineffective assistance or prejudice based on the failure to call such witnesses.

### E. Failure to Obtain DNA Expert

Benson next argues that his counsel was ineffective by failing to obtain a DNA expert to testify on his behalf. As already explained, counsel's decisions regarding witness selection are entitled to great deference. Moreover, "[a] claim of ineffective assistance based on the failure to consult and call an expert requires evidence of what a scientific expert would have stated at trial in order to establish Strickland prejudice." Rodela-Aguilar v. United States, 596 F.3d 457, 462 (8th Cir. 2010) (citations and internal quotation marks omitted). Here, Benson has not specified the contents of any proposed DNA expert's testimony and, as a result, he cannot demonstrate prejudice. See id. Therefore, the claims of ineffective assistance based on the failure to call a DNA expert are without merit.

### F. Failure to Object to Exhibits

Finally, Benson argues that his trial counsel was ineffective by failing to object to certain government exhibits at trial. Specifically, Benson argues that his counsel did not object to Power Point slides and photographs of the seized weapon that the

9

government displayed during its case-in-chief. Even if Benson could show that his counsel's failure to object to such exhibits was unreasonable, however, he has not shown any prejudice. Indeed, to prevail on a claim of ineffective assistance of trial counsel, Benson must show "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result was reliable." Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (citations and internal quotation marks omitted). The court finds that the alleged errors are not so serious as to have deprived Benson of a fair trial. As a result, Benson cannot establish ineffective assistance based on the failure to object to the exhibits. Therefore, taking all allegations as true, Benson has not demonstrated ineffective assistance of trial counsel.

## II. Ineffective Assistance of Appellate Counsel

Benson next argues that his appellate counsel was ineffective in failing to raise meritorious issues on appeal. A petitioner "must satisfy both prongs of the Strickland test in order to prevail on his claim of ineffective assistance of appellate counsel." Smith v. Robbins, 528 U.S. 259, 289 (2000). As already explained, a reviewing court should recognize a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Given this presumption, the right to effective assistance of counsel on direct appeal "does not require that appellate counsel raise every

colorable or non-frivolous issue on appeal." Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998) (citation omitted). "Absent contrary evidence, [the court] assume[s] that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." Id. (citation and internal quotation marks omitted). Indeed, the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (citation and internal quotation marks omitted). Therefore, the question is whether "the decision to omit an issue on appeal was unreasonable under the circumstances and was [a] decision that only an incompetent attorney would make." Maksimov v. United States, No. 4:03–CV–615, 2006 WL 2802206, at *18 (E.D. Mo. Sept. 25, 2006) (citations omitted).

Here, Benson's appellate counsel raised several grounds on appeal. Namely, the appellate counsel argued that the DNA evidence should have been suppressed, that Benson made an unknowing waiver of his right to counsel and that the court abused its discretion in denying a motion for a mistrial. See ECF No. 123, at 2. The court finds that focusing on such comparatively-stronger arguments was effective appellate advocacy. Moreover, Benson submitted a pro se memorandum in support of his appeal, advancing the arguments that he now argues should have been raised by his appellate counsel.

11

The Court of Appeals expressly considered such arguments and found them to be without merit.  See United States v. Benson, 686 F.3d 498, 505 (8th Cir. 2012).  As a result, Benson cannot demonstrate that, by omitting such meritless arguments, his appellate counsel provided ineffective assistance.

### III.  Due Process

Finally, Benson argues that relief is warranted because he was denied due process.  Specifically, Benson argues that the court - rather than the jury - determined that he had three qualifying convictions for purposes of the Armed Career Criminal Act.  The Eighth Circuit, however, has "rejected the claim that the jury must determine whether a prior conviction constitutes a violent felony." United States v. Strong, 415 F.3d 902, 907 (8th Cir. 2005) (citations omitted).  Moreover, such a claim could have been raised on direct appeal and is not properly before the court on a § 2255 petition.  See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  As a result, Benson's claim of a due process violation is without merit.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motions to vacate, set aside, or correct sentence [ECF Nos. 124, 147] are denied;

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability;

3. The motions for extension of time [ECF Nos. 140, 141, 142, 143, 144] are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 20, 2014

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court