UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-269 (DSD)

United States of America,

        Plaintiff,

v.                              **ORDER**

Mandel McDonald Benson,

        Defendant.

This matter is before the court upon defendant Mandel McDonald Benson's fourth pro se motion for compassionate release under 18 U.S.C. § 3582. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

In 2011, after a jury found Benson guilty of being a felon in possession of a firearm, the court sentenced him to 235 months' imprisonment to be followed by five years' supervised release. ECF No. 106. Because Benson had three prior violent felony convictions, a sentencing enhancement setting a fifteen-year mandatory minimum under the Armed Career Criminal Act applied. See Presentence Investigation Report (PSR) ¶¶ 21, 72; 18 U.S.C. § 924(e)(1). Benson is currently incarcerated at FCI Terre Haute and is expected to be released on October 16, 2027.

Benson previously moved the court for release under the First Step Act's compassionate release provision, citing the severity of his health conditions and the threat posed by COVID-19. The court denied the motions. See ECF Nos. 198, 206, 219. Benson now moves again for compassionate release, citing his health, poor conditions and programming at his facility, and his mother's advancing age and need for assistance.

## DISCUSSION

The First Step Acts allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). The court may rule on Benson's motion at this time.

The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582. Among them includes "suffering from a serious physical or mental condition ... that substantially diminishes the ability of the defendant to provide self-care within the

2

environment of a correctional facility and from which he or she is not expected to recover[.]" U.S.S.G. § 1B1.13, cmt. 1(A).

Benson argues that he should be released because of he suffers from various ailments. But, as the court has previously found, the record does not support a finding that Benson suffers from an illness that would constitute extraordinary and compelling reasons supporting a release from custody. He has provided no documentation to support a finding to the contrary. Nor has he provided support his claim that FCI Terre Haute cannot provide the care or programming that he wants and needs. His mother's age likewise does not support a basis for relief, as he has not established that she is incapacitated and that he is the only person who could provide care for her. See U.S.S.G. § 1B1.13(b)(3)(C).

The court also finds that § 3553(a) factors weigh against release. Under the circumstances presented, a substantial reduction in sentence would not reflect the seriousness of the crime, provide just punishment, or take into account Benson's history and characteristics. See 18 U.S.C. § 3553(a)(1), (a)(2)(A). The court continues to believe that the sentence originally imposed best meets the § 3553(a) factors.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the motion for compassionate release [ECF No. 223] is denied.

Dated: August 6, 2024

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court