UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 10-269 (DSD)

United States of America,

        Plaintiff,

v.                                **ORDER**

Mandel McDonald Benson,

        Defendant.

This matter is before the court upon defendant Mandel McDonald Benson's fifth pro se motion for compassionate release under 18 U.S.C. § 3582. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

In 2011, after a jury found Benson guilty of being a felon in possession of a firearm, the court sentenced him to 235 months' imprisonment to be followed by five years' supervised release. ECF No. 106. Because Benson had three prior violent felony convictions, a sentencing enhancement setting a fifteen-year mandatory minimum under the Armed Career Criminal Act applied. See Presentence Investigation Report (PSR) ¶¶ 21, 72; 18 U.S.C. § 924(e)(1). Benson is currently incarcerated at FCI Terre Haute and is expected to be released on October 16, 2027.

Benson previously moved the court for release under the First Step Act's compassionate release provision, citing the severity of his health conditions and the threat posed by COVID-19. The court denied the motions. See ECF Nos. 198, 206, 219. He next moved for compassionate release in 2024 citing his health, the poor conditions and programming at FCI Terre Haute, and his mother's advancing age and need for assistance. The court denied that motion as well. ECF No. 226. Benson now moves again for release based on his health, the conditions at FCI Terre Haute, and his rehabilitation which has not been adequately reflected in his current recidivism score calculated by the Bureau of Prisons.

## DISCUSSION

The First Step Acts allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). There is no dispute that the court may rule on Benson's motion at this time. See ECF No. 228-1.

The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582.[1] Among them includes "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[.]" U.S.S.G. § 1B1.13, cmt. (b)(1)(B).

Benson argues that he should be released because of he suffers from various ailments. But, as the court has previously found, the record – including new medical records provided by the government – does not support a finding that Benson suffers from an illness that would constitute extraordinary and compelling reasons supporting a release from custody. Benson has provided no documentation to support a finding to the contrary.

The court also finds that § 3553(a) factors weigh against release. Under the circumstances presented, a substantial reduction in sentence would not reflect the seriousness of the crime, provide just punishment, or take into account Benson's history and characteristics. See 18 U.S.C. § 3553(a)(1),

---

[1] Prison conditions are not among the recognized bases for a compassionate release motion. Instead, such complaints must be made in a separate civil suit under 28 U.S.C. § 2241, in the district in which the prisoner is confined. See United States v. Roberts, No. 12cr196, 2024 WL 4729084, at *2 (D. Minn. Nov. 8, 2024). Nor does Benson's rehabilitation or recidivism score provide a basis for early release under this record. See U.S.S.G. § 1B1.13, cmt. (d).

(a)(2)(A).  The court continues to believe that the sentence originally imposed best meets the § 3553(a) factors.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for compassionate release [ECF No. 228] is denied.

Dated: December 1, 2025

                                                     s/David S. Doty  
                                                     David S. Doty, Judge  
                                                     United States District Court